IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE IMAGINE360, LLC DATA SECURITY INCIDENT LITIGATION | : : : : : : : : : : : | CIVIL ACTION<br><br><br><br><br><br>No. 23-2603<br>and all related cases |

MEMORANDUM

PRATTER, J.                                          OCTOBER 16, 2023

Data breach class action cases are becoming more prevalent. *See, e.g., In re Wawa, Inc. Data Security Litig.*, No. 19-cv-6019 (E.D. Pa.). As such cases grow in number due to the cybersecurity risks of the 21st century, the need to ensure skilled lawyering for these data breach incidents increases as well. The Court is satisfied that the proposal that Plaintiffs' counsel serve as Interim Co-Lead Class Counsel in this latest data breach action is meritorious and grants the Motion to Appoint Interim Co-Lead Class Counsel.

### INTRODUCTION AND PROCEDURAL HISTORY

Imagine360 provides "self-funded health insurance plan services" to employers and requires these employer clients to submit employee personal and health information for Imagine360's service. In February 2023, hackers, including a ransomware group linked to Russian interests, stole data from Fortra, one of Imagine360's business associates. Through that hack, the cybercriminals allegedly gained access to medical and health insurance information of the employees of Imagine360's employer customers.

Mr. Collins, on behalf of a putative class, filed suit on July 7, 2023, alleging that Imagine360 was negligent in safeguarding the sensitive information in its possession, thereby causing damages due to cybercriminals gaining access to the employer clients' employee information. Ms. McGee, on behalf of a nearly identical putative class, filed suit three weeks later, with largely similar claims. Plaintiffs in the two cases filed a Motion to Consolidate and Appoint Mason Barney of Siri & Glimstad, LLP and Nicholas A. Colella of Lynch Carpenter as Interim Co-Lead Class Counsel ("Motion"). The Court has consolidated the two cases and now assesses whether to grant the Motion.

## DISCUSSION

Rule 23 permits a court to designate interim class counsel before deciding class certification. Fed. R. Civ. P. 23(g)(3). In deciding whether to appoint interim class counsel, courts apply the factors listed in Rule 23(g)(1). *Nelson v. Connexin Software, Inc.*, No. 22-cv-4676, 2023 WL 2721657, at *1 (E.D. Pa. Mar. 30, 2023); *Milkboy Center City LLC v. Cincinnati Cas. Co.*, No. 20-cv-2036, 2020 WL 7633975, at *3-4 (E.D. Pa. Dec. 22, 2020). The 23(g)(1) factors require a court to consider "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1).

Here, Plaintiffs seek to appoint Mason Barney and Nicholas Colella as Interim Co-Lead Class Counsel. Plaintiffs' counsel in both cases have identified and investigated potential claims, including by researching the potential legal claims against Imagine360, reviewing related news articles, and reviewing Federal Trade Commission guidelines relating to the implementation of reasonable data security practices. They have also drafted and filed the respective complaints and the instant Motion. Thus far for the status of this case, counsel have devoted significant time and

effort, essentially meeting the first factor. The Court evaluates the remaining factors for Mr. Barney and Mr. Colella individually.

## I. Mason Barney of Siri & Glimstad, LLP

Mr. Barney has over 17 years of experience in complex litigation and most recently worked in a class action involving alleged violations of the Telephone Consumer Protection Act with a potential class of over 14 million customers. Mr. Barney also has experience in other data breach and privacy cases, serving as class counsel in *Carter, et al. v. Vivendi Ticketing US LLC d/b/a See Tickets*, No. 8:22-cv-01981 (C.D. Cal.) and co-lead class counsel in *Gilleo et al. v. California Pizza Kitchen, Inc.* No. 8:2021-cv-01928 (C.D. Cal.). He also currently serves as interim class counsel in other data breach cases, with actions in Nebraska, Arizona, Massachusetts, and Utah. Mr. Barney's experience is extensive. Thus, the second factor weighs in favor of approving him as Interim Co-Lead Counsel. For the same reasons, the Court is satisfied that Mr. Barney has knowledge of the applicable law, satisfying the third factor.

The fourth factor asks the Court to evaluate the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1). Here, Mr. Barney is currently interim co-lead class counsel in multiple data breach actions that span almost the entire contiguous United States. While this gives pause as to whether Mr. Barney can devote sufficient time to this matter, Mr. Barney is backed by a nationwide, well-established law firm that, along with Mr. Barney's experience and assured diligence, will devote proper resources to this matter. Thus, the fourth and final factor weighs in favor of granting the Motion as to Mr. Barney.

## II. Nicholas A. Colella of Lynch Carpenter

Mr. Colella is a seventh-year attorney at Lynch Carpenter, focusing his practice on data breach and privacy litigation. He was most recently appointed as interim co-lead counsel in *In re: BPS Direct, LLC and Cabela's LLC, Wiretapping*, No. 23-mdl-3074 (E.D. Pa. 2023). He also

3

serves as co-lead counsel in a data breach case pending in Massachusetts involving Suffolk University and serves as class counsel in an ADA case involving Family Dollar pending in the Western District of Pennsylvania.

Though not having yet practiced a full decade, Mr. Colella's credentials and experience are impressive. He has been approved as interim class counsel in a separate case in this District involving similar complex factual and legal issues. The Court is satisfied that his experience and knowledge of the applicable law favor approving him as Interim Co-Lead Class Counsel.

Like Mr. Barney, Mr. Colella serves as lead counsel in several other cases, both in this District and elsewhere. Also like Mr. Barney, Mr. Colella is backed by a leading law firm that can devote the necessary resources to this matter. Mr. Colella has further assured this Court that he will work diligently on behalf of the putative class. Thus, the fourth factor weighs in favor of granting the Motion as to Mr. Colella.

## CONCLUSION

For the foregoing reasons, the Court grants the Motion to Appoint Mason Barney of Siri & Glimstad, LLP and Nicholas A. Colella of Lynch Carpenter as Interim Co-Lead Class Counsel.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE